COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Coleman
Argued by teleconference


JUSTIN EMMETT ENGLISH
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0452-02-1           JUDGE JAMES W. BENTON, JR.
                                         DECEMBER 31, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                      Bruce H. Kushner, Judge

          Hugh E. Black, III (John W. Brown, P.C., on
          brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     A jury convicted Justin Emmett English of possession of

marijuana, possession of cocaine, and possession of a controlled

substance while simultaneously possessing a firearm.  English

contends the trial judge erred in ruling that English's character

was at issue and in instructing the jury that it could consider

character in determining English's guilt or innocence.  We hold

that the judge erred but that the error was harmless.

                               I.

     The evidence at trial proved that three detectives went to

English's residence to arrest him on warrants that charged him

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

with violation of probation, shooting into an occupied dwelling, and possessing a firearm while having the status of a convicted felon. When English, a juvenile, came to the door in his underwear, the detectives arrested him. The detectives granted English's request to obtain clothing and followed him to his bedroom. While English was dressing, a detective saw remnants of marijuana cigarettes in English's bedroom. He asked English if he could search the room, but English refused the request. When two detectives left to take English to jail and to obtain a search warrant, one of the detectives remained in the residence.

At police headquarters, English waived his Miranda rights and answered the detectives' questions. English admitted that marijuana and cocaine were in his room but indicated an acquaintance had left the cocaine. He also told the detectives that he had in his closet a "loaded rifle for protection." During the interrogation, English consented to a search of his bedroom. When the detectives conveyed that consent to the detective who remained in English's residence, he entered English's bedroom and found marijuana, cocaine, a rifle, and ammunition.

At the conclusion of the Commonwealth's case-in-chief, English's mother testified that someone gave the rifle to her for protection and that she kept it in a closet in her bedroom. She testified, however, that she was present when the detective removed the rifle from English's closet.

-

Over English's objection, the trial judge included in his instructions to the jury the following:

> The Court instructs the jury that you may consider the character of the defendant when proven by the evidence, whether good or bad, along with the other facts and circumstances in the case in determining his guilt or innocence.

The jury convicted English of possession of marijuana, possession of cocaine, and possession of a controlled substance while possessing a firearm.

## II.

"Usually, in legal parlance, where reference is made to the character of the accused, 'character' is used as a synonym for 'reputation.'" Zirkle v. Commonwealth, 189 Va. 862, 871, 55 S.E.2d 24, 29 (1949). Thus, a well established rule is that "[t]estimony to prove the . . . character of the defendant in a criminal prosecution must relate and be confined to proof of the opinion that the people in the community have of him." Byrdsong v. Commonwealth, 2 Va. App. 400, 402, 345 S.E.2d 528, 529 (1986). Equally well established is the rule that "the Commonwealth is not permitted to introduce any testimony of bad reputation of the accused until the accused has put . . . his character in issue." Zirkle, 189 Va. at 871, 55 S.E.2d at 29.

The Commonwealth concedes that neither English nor the prosecutor introduced character evidence at trial and that the trial judge erred in giving the jury the instruction concerning

-

character.  The Commonwealth contends, however, that the error

was harmless.  We agree.

A non-constitutional error is harmless only "[w]hen it

plainly appears from the record and the evidence given at the

trial" that the error did not affect the jury's verdict.  Code

§ 8.01-678.  This standard applies "in criminal as well as civil

cases," Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728,

731 (2001), and requires us to determine the following:

> "If, when all is said and done, the
> conviction is sure that the error did not
> influence the jury, or had but slight
> effect, the verdict and the judgment should
> stand . . . .  But if one cannot say, with
> fair assurance, after pondering all that
> happened without stripping the erroneous
> action from the whole, that the judgment was
> not substantially swayed by the error, it is
> impossible to conclude that substantial
> rights were not affected. . . .  If so, or
> if one is left in grave doubt, the
> conviction cannot stand."

Id. at 260, 546 S.E.2d at 732 (citation omitted).

Although the jury was instructed that it could consider

English's character "when proven by the evidence," no evidence

proved character in the manner that concept is used in our case

decisions.  See Zirkle, 189 Va. at 871, 55 S.E.2d at 29.

Assuming, however, as English contends, that the jury would have

understood the instruction to allow it to consider testimony

about the criminal warrants outstanding against English as

evidence of his character, we conclude that this evidence would

-

only have "had but slight effect" on the verdict.  Clay, 262 Va. at 260, 546 S.E.2d at 731.

The evidence proved that English fully confessed to possessing the marijuana, possessing the cocaine, and simultaneously possessing the cocaine and the firearm.  In addition, the detectives testified that all of the items were found in English's bedroom.  Although English's mother testified that a friend had given her the firearm and that she had put it in her closet, she acknowledged that she was present when the detective found the firearm in English's closet.  In view of this evidence, we can say it plainly appears that "the verdict and the judgment were not substantially affected" by the granting of the instruction.  Id. at 261, 546 S.E.2d at 732.  We hold, therefore, that the error was harmless.

Accordingly, we affirm the convictions.

Affirmed.